ANNA V. RAY, LUCILLE E. RAY, BY JAMES A. RAY, HER NEXT FRIEND, AND JAMES A. RAY, INDIVIDUALLY, PLAINTIFFS, v. YELLOW CAB, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, AND RUSSELL J. SMITH, DEFENDANTS.

Decided November 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Palmer & Cooper* (*John W. Palmer,* of counsel).

*Contra, John A. Bernhard* (*Joseph Coult,* of counsel).

PER CURIAM.

This is on a rule to show cause why the *postea,* signed by the Circuit Court judge, of a verdict rendered in favor of the plaintiffs against the defendants, should not be amended to correct an alleged mistake of the foreman in announcing the verdict.

The *postea* recited the following: "The cause having been heard and submitted to the jury, they returned their verdict as follows: "For the plaintiff, Anna V. Ray, against both defendants, Yellow Cab, Incorporated, and Russell J. Smith, in the sum of $3,500; for the plaintiff James A. Ray against both defendants, Yellow Cab, Incorporated, and Russell J.

Smith, in the sum of one thousand dollars, and for the plaintiff, Lucille E. Ray, by James Ray, her next friend, against both defendants, Yellow Cab, Incorporated, and Russell J. Smith, in the sum of five hundred dollars."

The ground upon which the application for an amendment of the *postea* is made, is, that the foreman made a mistake in delivering the verdict, in that it was the intention of the jury that the plaintiffs should receive sums aggregating ten thousand dollars, and not five thousand dollars.

A careful reading of the testimony discloses, that when the verdict was delivered, the foreman handed to the clerk of the court, who received the verdict, a memorandum containing the verdict, agreed upon by the jury, which memorandum reads: "For the plaintiffs against both defendants, Mrs. Ray $3,500, Mr. Ray a thousand dollars, Miss Ray five hundred dollars."

For the plaintiffs it is contended, that it was the intention of the jury to find a verdict of $3,500 against each defendant. It appears from the court's charge, however, that the jury were particularly instructed as follows: "You cannot apportion the damages between the two defendants. It is for you to decide whether or not you are going to hold one, both, or neither. If you hold both, then your verdict will be in one amount for each plaintiff and not divided between the two defendants. If one defendant is liable, or both defendants are liable, they are liable for all the damage that was done."

The testimony taken under the rule fails to show that there was any mistake made by the foreman in announcing the verdict, agreed upon by the jury. The memorandum precludes any such notion. But, it is further insisted, that it was the intention of the jury to have rendered a verdict of $3,500 for the plaintiff, Anna V. Ray, against each defendant. The exact thing the court specially instructed the jury it could not do.

It is well settled that a jury may not be permitted to impugn its verdict. The effort here made is not to correct a mistake, inadvertance, or clerical error in the rendering of a verdict, but to impeach the verdict on the ground that the

jury misapprehended the legal effect of such verdict. See *Peters* v. *Fogarty,* 55 *N. J. L.* 386 (at *p.* 387).

Furthermore, the first headnote of the cited case, at page 386, reads as follows: "An application to amend a *postea* should be made to the trial judge and the court *in banc* should not entertain such a motion unless the matter is referred to the court by the judge." This was not done in the instant case.

We have, however, considered the case as presented, and arrived at the result that the rule to show cause should be discharged.